IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENARO FLORES-DURAN,<br><br>        Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 18-8896 (JBS)<br><br>**OPINION** |

APPEARANCES:

Genaro Flores-Duran, Petitioner pro se
#54651-056
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, U.S. District Judge:**

**I.    INTRODUCTION**

Genaro Flores-Duran, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his sentence from the Eastern District of North Carolina. [Docket Entry 1]. He argues that he received ineffective assistance of counsel during his § 2255 proceedings; his sentence should be reduced in light of the "minor role" retroactive amendment as held in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016); and that his conviction under 18 U.S.C. § 924(c) should be

vacated under *Rosemond v. United States*, 572 U.S. 65 (2014). For the reasons expressed below, this Court will dismiss the petition for lack of jurisdiction.

**II. BACKGROUND**

The Court takes the following facts from the opinion dismissing Petitioner's motion under 28 U.S.C. § 2255 filed in the United States District Court for the Eastern District of North Carolina:[1]

> On August 11, 2010, deputies from the Jasper County, South Carolina Sheriff's Office stopped petitioner for following another vehicle too closely. A consent search of petitioner's vehicle yielded three plastic bags which tested positive for cocaine. On September 1, 2010, a grand jury in the Eastern District of North Carolina indicted petitioner and a co-defendant on one count of conspiracy to distribute cocaine. On November 15, 2010, petitioner moved to suppress the evidence resulting from the traffic stop, alleging officers lacked probable cause to conduct the stop. Following an evidentiary hearing, on February 3, 2011, United States Magistrate Judge David Daniel recommended the district court deny the motion to suppress. Neither party filed objections, and this court subsequently adopted the recommendation, denying petitioner's motion to suppress on February 24, 2011.
>
> On March 10, 2011, a grand jury indicted petitioner and other co-defendants on a superseding indictment on two counts, possession with the intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one), and possession of a firearm in furtherance of a drug trafficking offense in

---

[1] Petitioner included this opinion with his petition. [Docket Entry 1-3 at 19-28]. The Court may use any exhibits submitted with the petition in its initial review under Habeas Rule 4. *See also* 28 U.S.C. § 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

> violation of 18 U.S.C. § 924(c) (count two). Petitioner pleaded not guilty, and proceeded to trial on June 15, 2011. On June 17, 2011, the jury unanimously convicted defendant on both counts. The district court sentenced defendant on November 28, 2011, to 292 months on count one, and 60 months on count two, for a total of 352 consecutive months.

*Flores-Duran v. United States*, No. 7:14-CV-46-FL (E.D.N.C. Dec. 17, 2015) [Docket Entry 1-3 at 19-20]. *See also United States v. Flores-Duran*, No. 7:10-CR-95-FL-1 (E.D.N.C. Nov. 28, 2011). The Fourth Circuit affirmed the conviction and sentence. *United States v. Flores-Duran*, 513 F. App'x 348 (4th Cir. 2013) (per curiam), *cert. denied*, 571 U.S. 1168 (2014).

Petitioner subsequently filed a motion under § 2255 in the Eastern District of North Carolina raising four grounds for relief:

> 1) his sentence imposed by this court after petitioner's conviction was improper, because it was grossly disproportionate to the sentences imposed upon other participants in the conspiracy; 2) the Eastern District of North Carolina was not the appropriate venue or jurisdiction for count two to be tried; 3) the stop of petitioner's vehicle, the criminal case's triggering event, violated the Fourth Amendment; and 4) ineffective assistance of counsel.

*Flores-Duran*, No. 7:14-CV-46-FL [Docket Entry 1-3 at 20]. The district court denied the motion on all grounds, [*id.* at 27-29], and the Fourth Circuit dismissed the appeal for failure to prosecute, *United States v. Flores-Duran*, No. 16-6554 (4th Cir. appeal dismissed June 15, 2016).

3

Petitioner now challenges his conviction under 28 U.S.C. § 2241. [Docket Entry 1]. He raises three grounds for relief: (1) Petitioner received ineffective assistance of counsel during his § 2255 motion because his attorney was not licensed to practice law in North Carolina [Docket Entry 1-4 at 4-5]; (2) the Ninth Circuit's decision in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), applies retroactively to Petitioner's sentence and requires that he be resentenced with a "minor role" reduction [*id.* at 6-7]; and (3) the Supreme Court's *Rosemond* decision requires that his conviction under 18 U.S.C. § 924(c) be vacated because the Government failed to prove at trial that he had advance knowledge that a firearm would be used in connection with the drug trafficking crime [*id.* at 8-10].

### III. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d

Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

**IV. ANALYSIS**

Before the Court may reach the merits of Petitioner's claims, the Court must consider whether it has jurisdiction to consider the petition under 28 U.S.C. § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his

5

detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

In the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (quoting *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013)). "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." *Id.*

First, Petitioner argues his counsel who represented him during his § 2255 motion was ineffective because he was not admitted to practice before the Eastern District of North

Carolina.[2] [Docket Entry 1-4 at 4]. Ineffective assistance of § 2255 counsel does not fit within the narrow savings clause exception carved out by the Third Circuit. The Court therefore lacks jurisdiction over this claim under § 2241.

Second, Petitioner argues § 2255 is ineffective or inadequate to address his claims because the Ninth Circuit's decision in *Quintero-Leyva* was not decided until after his § 2255 motion was denied. [Docket Entry 1 ¶ 18]. In *Quintero-Leyva*, the Ninth Circuit held that Amendment 794 to the commentary of U.S.S.G. § 3B1.2 applied retroactively *on direct appeal*. 823 F.3d 519, 521 (9th Cir. 2016). It did not decide whether the Amendment applied retroactively on collateral review. *Id.* at n.1. Even if the Ninth Circuit had applied Amendment 794 retroactively to collateral review cases, the Third Circuit has not yet issued a precedential opinion permitting district courts to these types of claims under § 2241. *See, e.g., Murray v. Warden Fairton FCI*, 710 F. App'x 518, 520 (3d Cir. 2018) (noting that the Third Circuit has "not held that innocence-of-the sentence claims fall within the exception to the rule that habeas claims must be brought in § 2255 motions").

---

[2] Petitioner's § 2255 counsel was admitted to practice in New York. [Docket Entry 1-4 at 4].

Third and finally, the Third Circuit has not addressed whether *Rosemond* claims may be filed as § 2241 petitions. *See Tawalebah v. Warden Fort DIX FCI*, 614 F. App'x 46, 48 (3d Cir. 2015) (per curiam) ("We have not yet addressed whether a claim based on *Rosemond* may be brought via a § 2241 petition pursuant to the exception we recognized in *Dorsainvil*, and we need not do so here because the record does not support Tawalebah's claim of innocence."). *See also McCrea v. Ortiz*, No. 17-4501, 2018 WL 1634395, at *3 (D.N.J. Apr. 5, 2018) (citing cases). Petitioner's *Rosemond* claim cannot be brought in this Court under § 2241 because he had an opportunity to bring it in the sentencing court under § 2255. *Rosemond* was decided on March 5, 2014. At that time, Petitioner's § 2255 motion was pending in the Eastern District of North Carolina, and he could have moved to amend his motion to include a claim under *Rosemond*. Because Petitioner had a prior opportunity to raise his *Rosemond* claim before his sentencing court under § 2255, the Court lacks jurisdiction over it under the Third Circuit's current § 2241 case law. Therefore, this case does not satisfy the two conditions that are necessary for § 2241 jurisdiction under *Bruce* and *Tyler*, above, and this Court lacks § 2241 jurisdiction to hear petitioner's challenge to his conviction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of

8

justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. The Court finds that it is not in the interests of justice to transfer this habeas petition it appears Petitioner cannot meet the standard for a second or successive § 2255 motion. 28 U.S.C. §§ 2244, 2255(h). Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Fourth Circuit's permission to file a successive § 2255 petition on his own should he so choose.

**V.    CONCLUSION**

For the reasons stated above, the petition is dismissed for lack of jurisdiction. An accompanying Order will be entered.


 **March 25, 2019**                              **s/ Jerome B. Simandle**
Date                                             JEROME B. SIMANDLE
                                                 U.S. District Judge