UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GENARO FLORES-DURAN, | : | |
| | : | |
| Petitioner, | : | |
| | : | Civ. No. 18-8896 (RBK) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM & ORDER** |
| | : | |
| Respondent. | : | |
| | : | |

Petitioner, Genaro Flores-Duran ("Petitioner" or "Flores-Duran"), is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. When this matter was initially filed and adjudicated, Petitioner was incarcerated within this District at F.C.I. Fort Dix in Fort Dix, New Jersey. On March 25, 2019, the Honorable Jerome B. Simandle summarily dismissed Petitioner's habeas petition as this Court lacked habeas jurisdiction. (*See* ECF 3 & 4).

On July 1, 2022, Petitioner's mother, Rufina Duran Borja, submitted a letter seeking the release of Petitioner. (*See* ECF 7). On that same day, this matter was reassigned to the undersigned considering Judge Simandle's passing in 2019. (*See* ECF 6). This matter will be ordered to be reopened so that Ms. Borja's letter may be analyzed.

Ms. Borja is not entitled to file documents in this action as she is a non-party who has not successfully intervened. *See In Re*, 67 V.I. 172, 188 (Sup. Ct. V.I. St. Croix, Jan. 10, 2017) (collecting cases and stating that "[o]nly the parties to a case may file documents and make requests of the court in that case."); *see also In re Bergeron*, 636 F.3d 882, 883 (7th Cir. 2011); ("A nonparty cannot inject himself into a case without intervening[.]"); *United States v. Williams*, Crim. No.10-54, 2016 WL 270862, at *2 (N.D. Fla. Jan. 21, 2016) ("A nonparty is not

entitled to ask for relief on a defendant's behalf; only the parties may file motions or otherwise seek a ruling from a court.").

Additionally, this case has now been closed for over three years. Petitioner is no longer incarcerated at F.C.I. Fort Dix. He is now incarcerated at CI North Lake, in Baldwin, Michigan. *See https://www.bop.gov/inmateloc/* (last visited July 11, 2022). The proper venue to bring a § 2241 habeas action is the jurisdiction where a petitioner is incarcerated. *See Rumsfeld v. Padilla,* 542 U.S. 426, 447 (2004). Thus, to the extent *Petitioner* may wish to file another § 2241 habeas petition, he should do so in the United States District Court for the Western District of Michigan.

Accordingly, IT IS on this 11th day of July, 2022,

ORDERED that the Clerk of Court shall reopen this action so that Petitioner's mother's letter (ECF 7) received on July 1, 2022 in this Court may be analyzed; and it is further

ORDERED that Petitioner's mother's request for Petitioner's release is denied as she is a non-party who has not successfully intervened as well as the fact that venue in any current request for § 2241 habeas relief is proper in the United States District Court for the Western District of Michigan where Petitioner is incarcerated; and it is further

ORDERED that the Clerk shall serve this memorandum and order by regular U.S. mail on Petitioner at his new place of incarceration, Mr. Genaro Flores-Duran, 54651-056, North Lake Correctional Institution, P.O. Box 1500, Baldwin, MI 49304 and on Petitioner's mother also by regular U.S. mail at the following address, Ms. Rufina Duran Borja, 10415 Shadow Oaks Dr., Houston, TX 77403; and it is further

ORDERED that the Clerk shall re-close this case.

s/ Robert B. Kugler  
ROBERT B. KUGLER  
United States District Judge